The STATE OF NEW YORK and the Town of Tusten, Plaintiffs,

v.

SCA SERVICES, INC., John Cortese Construction Corporation, John Cortese, and Sheldon Wernick, Defendants.

SCA SERVICES, INC., John Cortese Construction Corporation, John Cortese, and Sheldon Wernick, Third–Party Plaintiffs,

v.

ROBERTS & CARLSON, INC., Continental Can Company, Inc., BASF Corporation (Inmont Division), Kay–Fries Inc., National Starch and Chemical Corporation, Consolidated Edison Company of New York, Inc., and John Does 1–99, Third–Party Defendants.

No. 83 Civ. 6402 (RPP).

United States District Court, S.D. New York.

April 8, 1991.

Robert Abrams, Atty. Gen., State of N.Y., New York Dept. of Law, Environmental Protection Bureau by Michael J. Moore, Albany, N.Y., for plaintiffs.

Goldstein & Stoloff by Carl P. Goldstein, Monticello, N.Y., for Town of Tusten.

Saul, Ewing, Remick & Saul by John F. Stoviak, Philadelphia, Pa., for SCA Services, Inc.

Clifford Gordon by Clifford Gordon, Monticello, N.Y., for John Cortese and John Cortese Const. Corp.

Solomon & Simon by Arnold L. Simon, Livingston, N.J., for Sheldon Wernick.

McCarter & English by John A. McKinney, Newark, N.J., for Roberts & Carlson, Inc.

Dickerson & Reilly by John H. Reilly, New York City, for Continental Can Co., Inc.

Patton, Boggs & Blow by Elliott P. Laws, Washington, D.C., for BASF Corp. (Inmont Div.).

Jackson & Nash by George S. Flint, New York City, for HULS America, Inc. (successor to Kay–Fries Inc.).

Riker, Danzig, Scherer, Hyland & Perretti by Samuel P. Moulthrop, Morristown, N.J., for Nat. Starch and Chemical Corp.

Consolidated Edison Co. of New York, Inc. by Michael A. Wilcken, New York City.

## OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In an opinion and order dated January 9, 1991 the Court denied plaintiff Town of Tusten's ("the Town") motion for judgment on the pleadings dismissing certain counterclaims interposed by defendant SCA Services, Inc. ("SCA"). 754 F.Supp. 995. The Court ordered additional briefing relating to the Town's motion for judgment on counterclaims three and four. This opinion addresses those claims.

██ SCA argues that counterclaim 3 brought by SCA against the Town is based on unjust enrichment whereas counterclaim 7 is based on restitution. The caselaw cited by plaintiffs indicates that restitution is the remedy for unjust enrichment, not a separate basis for liability. *See Hutton v. Klabal,* 726 F.Supp. 67, 72 (S.D.N.Y.1989) (citing *Morse–Diesel, Inc. v. Trinity Indus., Inc.,* 655 F.Supp. 346, 353 (S.D.N.Y. 1987)). In other words, a plaintiff who establishes a prima facie case of unjust enrichment is entitled to the equitable remedy of restitution. *See Spallina v. Giannoccaro,* 98 A.D.2d 103, 469 N.Y.S.2d 824, 826 (App.Div.1983). *See also Paramount Film Distrib. Corp. v. State,* 30 N.Y.2d 415, 421, 285 N.E.2d 695, 334 N.Y.S.2d 388 (1972) ("The essential inquiry in any action for unjust enrichment or restitution is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered"), *remittitur amended,* 31 N.Y.2d 678, 288 N.E.2d 811, 336 N.Y.S.2d 911 (1972), *reh'g denied,* 31 N.Y.2d 709, 289 N.E.2d 569, 337 N.Y. S.2d 1029 (1972). Accordingly, the Court strikes SCA's third counterclaim against the Town *sua sponte* pursuant to Rule 12(c).

██ This reasoning also requires that counterclaim 4 be stricken. SCA argues

that counterclaims 4 and 6 are distinct because counterclaim 4 is based on common law negligence whereas counterclaim 6 is based on restitution. Both counterclaims seek indemnification and/or contribution. However, no case cited by SCA applies restitution as an independent cause of action as opposed to a type of remedy. SCA offers no authority upholding "a claim for contribution ... based on restitution." Def. Reply Mem. filed Mar. 4, 1991 at 6. Accordingly, SCA's fourth counterclaim is stricken pursuant to Rule 12(c).[1]

IT IS SO ORDERED.

---

**1.** The Court declines to comment on the issue of attorneys' fees. The Court's January 9, 1991 opinion was not in any way directed at SCA's claims for attorneys' fees in counterclaims 1 and 2.